Mr. Kie D. Hall Executive Director Arkansas Public Employees Retirement System One State Capital Mall Little Rock, Arkansas 72201-1015
Dear Mr. Hall:
This is in response to your request for an opinion on two questions arising in light of Opinion No. 88-340, previously issued by this office. That opinion concluded that municipal judges and clerks who take office after January 1, 1982, to the extent eligible for membership in a local retirement plan established pursuant to A.C.A. 24-8-301, et seq., must be members of that system and not the Arkansas Public Employees Retirement System ("APERS"). In light of this conclusion, you pose two questions which are as follows:
 (1) Are municipalities required by law to establish local Municipal Judges Retirement Systems?
 (2) If not, am I to infer from your opinion that if a municipality does not have a Municipal Judges Retirement System, the municipal judges and clerks are required to be members of APERS?
It is my opinion, in response to these questions, that a city of the first or second class, if it has established a municipal court under the authority granted in A.C.A. 16-17-204 or 16-17-303, must comply with the provisions of A.C.A. 24-8-301, et seq. and establish the local system.
It is also my opinion, however, that incorporated towns establishing municipal courts under the authority granted in A.C.A. 16-17-401 are not covered by the provisions of A.C.A.24-8-301 et seq., and therefore are not required to establish a local system. Consequently, in such incorporated towns, the municipal judge and clerk will be eligible for membership in APERS because they are not eligible for another retirement plan established by state law.
The conclusions reached in the paragraph above are based upon the language of the relevant subchapter, A.C.A. 24-8-301, et seq. Subsection 302 of that subchapter provides in pertinent part:
 (a) There is created in cities of the first or second class a board of trustees which shall consist of the mayor, city clerk, city treasurer, city health officer, and municipal judges of the city.
 (b) The board shall receive and administer the funds collected under the provisions of this subchapter and shall have the power to make necessary rules therefore.
The language of the subchapter is mandatory rather than discretionary. Additionally, 24-8-305 provides in pertinent part:
 (a) Any judge, licensed to practice law, of a municipal court established in any county and any clerk of such a municipal court appointed by the judges thereof shall be entitled to the benefits prescribed in this subchapter for such judges and clerks.
It appears that the legislature intended that if cities of the first or second class establish municipal courts pursuant to legislative authority, they must comply with and establish the local retirement system provided for in A.C.A. 24-8-301, et seq. That subchapter, however, does not apply to incorporated towns. See generally, A.C.A. 24-8-302 and 24-8-307. Thus, such towns are not required to comply with the subchapter, and in fact do not have the authority to create local plans under it for municipal judges and clerks (if they have in fact established a municipal court under the authority granted in A.C.A. 16-17-401). Municipal judges and clerks in incorporated towns would thus be eligible for membership in APERS because they are not eligible for another retirement system created by state law. See Opinion No. 88-340, a copy of which is enclosed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Alana L. Cunningham.